**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CASE NO.

MARIA HENRY,

     Plaintiff,

v.

                                   **COMPLAINT AND TRIAL BY JURY**
                                   **DEMAND**

DIVERSIFIED CONSULTANTS, INC.
AND TRANS UNION, LLC,

     Defendants.
_____

     1.     Plaintiff Maria Henry ("Plaintiff") brings this action against Trans Union, LLC

("Trans Union") and Diversified Consultants, Inc. ("Diversified") (collectively, "Defendants")

under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., and the Florida Consumer

Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*.

**JURISDICTION, VENUE, AND STANDING**

     2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d),

28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

     3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts

and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in

this district, and where Defendants transact business in this district.

     4.     "In determining whether an intangible harm constitutes injury in fact, both history

and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to

identify intangible harms that meet minimum Article III requirements," thus "Congress may

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5.      "Congress's judgment in enacting the FCRA was to provide consumers a right to privacy. The plain language of the statute as well as the legislative history illustrate this intent." *Perrill v. Equifax Info. Services, LLC*, A-14-CA-612-SS, 2016 WL 4572212, at *3 (W.D. Tex. Aug. 31, 2016) (citing 15 U.S.C. § 1681(4)) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."); *see also Thomas v. FTS USA, LLC,* 2016 WL 3653878, at *8 (E.D. Va. Jun. 30, 2016) ("It is clear from the statute's legislative history that Congress intended that the FCRA be construed to promote the credit industry's responsible dissemination of accurate and relevant information and to maintain the confidentiality of consumer reports."); *Hawkins v. S2Verify*, No. C 15–03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. Jul. 26, 2016) ("[Under the FCRA], Congress decided to restrict access to information regarding arrests older than seven years, which bestowed a degree of privacy on that information.").

6.      "In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

7.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11,

2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

8.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR CREDIT REPORTING ACT

9.      The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

10.      The FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for . . . employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

11.      Under § 1681e(b), "[w]henever a consumer reporting agency prepares a consumer report it shall follow *reasonable procedures* to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b) (emphasis added).

12.      Under § 1681i, "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and

the consumer notifies the agency directly… the agency shall, free of charge, conduct a *reasonable reinvestigation* to determine whether the disputed information is inaccurate..." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

13.     In order to show that a furnisher violated the FCRA at § 1681s-2(b), the furnisher must have "(1) received notice from a consumer reporting agency ("CRA") that the plaintiff[] disputed the [furnisher's] reporting of an account, and (2) the [furnisher] either failed to conduct a proper investigation or failed to report the results of that investigation to the CRA that provided the notice." *Notley v. Sterling Bank*, No. CIV.A. 3:06-CV-0536-G, 2007 WL 188682, at *3 (N.D. Tex. Jan. 24, 2007).

14.     "If the investigation finds that the information reported is inaccurate or incomplete, the furnisher is required to modify, delete or permanently block the reporting of the information. 15 U.S.C. § 1681s–2(b)(1)(E)." *Bashore v. Resurgent Capital Servs., L.P.*, No. 4:10-CV-585, 2011 WL 1304461, at *4 (E.D. Tex. Mar. 15, 2011).

### THE FAIR DEBT COLLECTION PRACTICES ACT

15.     Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

16.     The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).  "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."  *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

17.     "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013)

18.     The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n. 11).

19.     The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e.

20.     Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt.  15 U.S.C. § 1692e(2)(A).

21.     Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

22.     Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to

be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §
1692e(8).

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23.     Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a
means of regulating the activities of consumer collection agencies within the state. *LeBlanc v.
Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) .

24.     "The Consumer Collection Practices Act is a laudable legislative attempt to curb
what the Legislature evidently found to be a series of abuses in the area of debtor-creditor
relations." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007)
(quoting *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200-201 (Fla.
1976)).

25.     "The FCCPA is to be construed in a manner that is protective of the consumer."
*Id.* With this in mind, the FCCPA is meant to be read, "in *addition* to the requirements and
regulations of the federal act [the FDCPA].  In the event of any inconsistency between any
provision of this part and any provision of the federal act, *the provision which is more protective
of the consumer or debtor shall prevail*."  Fla. Stat. § 559.552 (emphasis added).

26.     The FCCPA provides that, "[i]n collecting consumer debts, no person shall . . .
Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not
legitimate, or assert the existence of some other legal right when such person knows that the
right does not exist."  Fla. Stat. § 559.72(9).

## PARTIES

27.     Plaintiff is a natural person residing in the State of Florida, County of
Hillsborough, and City of Tampa.

28.     Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c), 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

29.     Trans Union is a for-profit limited liability company engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

30.     Trans Union uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

31.     Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

32.     Diversified uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

33.     Diversified is a "person" as defined by 15 U.S.C. § 1681a(c).

34.     Diversified is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6).

35.     Diversified is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

36.     Plaintiff is a natural person allegedly obligated to pay a debt.

37.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal AT&T wireless bill (the "Debt").

38.     Diversified uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

39.     Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

40.     On October 7, 2014, Plaintiff paid the Debt in full and, therefore, no longer owed the Debt.

41.     Despite paying off the Debt in full, each of the credit reporting agencies, including Trans Union, continued to report Plaintiff's Debt as unpaid and in collections.

42.     Plaintiff discovered that the Debt was still being reported when she was denied financing for the purchase of a new vehicle.

43.     Plaintiff disputed the Debt with each of the credit reporting bureaus, Trans Union, Experian, and Equifax.

44.     In response to Plaintiff's dispute, both Equifax and Experian corrected Plaintiff's credit report, either listing the Debt's balance as $0 or deleting the credit item altogether.

45.     In a letter dated September 28, 2016, Plaintiff disputed the accuracy of the Debt as reported on Plaintiff's Trans Union credit report through a letter sent via certified mail.

46.     Trans Union received Plaintiff's letter on October 1, 2016.

47.     On or about October 20, 2016, Trans Union responded to Plaintiff's dispute showing the investigation results as verified with no change.

48.     Upon information and belief, Trans Union provided Diversified with notice of Plaintiff's dispute.

49.      Based on the information provided by Diversified, Trans Union continued to report inaccurate information regarding the Debt on Plaintiff's Trans Union credit report.

50.     Therefore, Diversified falsely represented the character, amount or legal status of Plaintiff's Debt in connection with the collection of the Debt.

51.     Further, Diversified communicated credit information to Trans Union which it knew, or should have known, was false.

52.     In the alternative, Diversified properly informed Trans Union that the Debt had been paid in full.

53.     Therefore, in the alternative, Trans Union failed to follow reasonable procedures to accurately update Plaintiff's information.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681e(b)
## TRANS UNION

54.     Plaintiff repeats and re-alleges each and every factual allegation above.

55.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

56.     As a result of Trans Union's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

57.     Trans Union's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

58.     In the alternative, Trans Union's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Trans Union violated  15 U.S.C. § 1681e(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1681i
## TRANS UNION

59. Plaintiff repeats and re-alleges each and every factual allegation above.

60. Trans Union violated 15 U.S.C. § 1681i by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

61. As a result of Trans Union's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

62. Trans Union's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

63. In the alternative, Trans Union's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Trans Union violated  15 U.S.C. § 1681i;

b)  Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681s-2(b)
## DIVERSIFIED

64.     Plaintiff repeats and re-alleges each and every factual allegation above.

65.     Diversified violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to consumer reporting agencies, by failing to review all relevant information regarding the same, and by failing to appropriately respond to the consumer reporting agency.

66.     As a result of Diversified's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

67.     Diversified's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

68.     In the alternative, Diversified's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Diversified violated 15 U.S.C. § 1681s-2(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## DIVERSIFIED

69.     Plaintiff repeats and re-alleges each factual allegation contained above.

70.     Diversified violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt, including by continuing to report to Trans Union that Plaintiff still owed her Debt when, in fact, it had been settled in full on October 7, 2014.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Diversified violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(8)**
**DIVERSIFIED**

71.   Plaintiff repeats and re-alleges each factual allegation contained above.

72.   Diversified violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which is known or which should be known to be false.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Diversified violated 15 U.S.C. § 1692e(8);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT VI**
**VIOLATION OF FLA. STAT. § 559.72(9)**
**DIVERSIFIED**

73.   Plaintiff repeats and re-alleges each and every factual allegation above.

74.     Diversified violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Diversified violated Fla. Stat. § 559.72(9);

b)  Awarding Plaintiff statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to Fla. Stat. § 559.77(2);

d)  Awarding Plaintiff punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)  Awarding Plaintiff such equitable relief as the Court deems necessary or proper, including enjoining Defendant from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

87.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 11, 2017.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff

14

5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206